(November 29, 1966)

■  CENTURY INDUSTRIES Co., INC., Respondent, v. FRENCH & COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. J. JAY FRANKEL, Third-Party Defendant-Respondent.— Order and judgment appealed from modified on the law, the facts being considered, to grant partial summary judgment to the plaintiff in the sum of $14,489, the items delivered on memorandum being excluded, and as so modified the judgment is otherwise affirmed, without costs or disbursements to either party. As to the items delivered by French & Company, Inc. (French) to Frankel, for which Frankel was invoiced, even though he had not paid for such items it is clear that title passed by intent of the parties. By the same token no title passed to Frankel as to the items delivered by French on memorandum or consignment. Thus when Frankel executed the chattel mortgage dated October 4, 1962, which mortgage was duly recorded October 11, 1962, the mortgage covered all furniture and fixtures in his apartment to which he had title. Frankel on October 24, 1963 assigned to the plaintiff his personal assets, including all the furniture, fixtures, etc., in his apartment at 750 Park Avenue, and included in the assignment the right to plaintiff to remove such property and to store and sell the same at plaintiff's discretion. At the time of the assignment he delivered the keys to the apartment to the plaintiff. French urged that sometime prior thereto it had made an oral agreement with Frankel that Frankel would return the property for which he had not paid and that as to such property Frankel would be given credit. This at most represented an executory accord (see General Obligations Law, § 15–501) and could be revoked at any time prior to tender of performance. Since such accord was not in writing it could not have been enforced against Frankel (Personal Property Law, § 33, subd. 2). The assignment of October 24 by Frankel was thus a good assignment. From the record it appears that plaintiff, by one of its officials, on October 25 admitted French's employees to the apartment for the purpose of removing the items and that he in fact supervised such removal. As to the items on memorandum, however, it does not appear that there was any act by French or Frankel evincing an intention that title in such property should pass to Frankel (see Personal Property Law, § 116), and title thereto remained in French. Concur— Botein, P. J., Breitel, Rabin and Stevens, JJ.; Steuer, J., dissents in the following memorandum: This action concerns certain furniture and decorative articles which were located in an apartment occupied by defendant Frankel. All of these articles had been supplied to Frankel by defendant French & Co. Plaintiff claims title to the articles by virtue of a chattel mortgage executed by Frankel and filed October 11, 1962, and an assignment dated October 24, 1962. All of the articles were removed from the apartment by defendant French & Co. with plaintiff's consent under an arrangement between them. The articles fall, as to title, into three classifications. The first consists of those which had been bought by Frankel from French and paid for. As to these, there is no dispute and French has accounted to plaintiff for them. The second group consists of some seven pieces as to which French claims that they were never sold to Frankel but merely delivered to him on consignment to decide whether he wanted to buy them. Plaintiff claims these pieces were actually bought by Frankel and hence passed to plaintiff under the mortgage or the assignment. We are all agreed that an issue as to the nature of the transaction exists as to these items, and have denied summary judgment. The third category consists of items concededly sold to Frankel but for which he never paid. French agrees that title to the pieces in this category was at one time in Frankel but claims that prior to the execution of the two documents relied on by the plaintiff title had reverted back to

French. French claims that, having learned that Frankel was about to give up his apartment, it became concerned with its ability to obtain payment for these articles. It therefore proposed to Frankel that instead of paying he return the articles and French would give him full credit for the purchase price. French claims that Frankel agreed to this. If French is correct in its contention there is a complete defense to so much of the action as is based on these articles. Apparently Special Term and the majority here do not credit French's account of this purported transaction. In my opinion, sufficient has been set out to defeat summary judgment. We are not now concerned with the ultimate resolution of the issue. Suffice it to say that the contention is adequately supported by a detailed account of the conversations which constituted the alleged transaction. Whether it appeals to reason as representing a true narration of what occurred is not significant — it is neither impossible nor so contrary to all experience as to be rejected as incapable of belief. Subsidiary questions, such as whether the claimed agreement was only to become effective upon physical return of the articles or constituted a present change of ownership, are also factual (*Goldbard* v. *Empire State Ins. Co.*, 5 A D 2d 230). The judgment should be vacated and the matter remitted for trial. Settle order on notice.